# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY F. SMITH<br><br>                Plaintiff,<br>v.<br>FRANCIS F. REBSTOCK, et al.,<br>                Defendants. | CIVIL ACTION<br><br>No. 10-01515 |

## MEMORANDUM & ORDER

### I.

Pending before the court is a motion to dismiss filed by Magistrate Francis Rebstock and Judge Eugene Maier ("the judicial defendants"). According to the complaint, in early 2008, plaintiff Harry Smith was charged with various sex offenses. Magistrate Rebstock, an Arraignment Court Magistrate in Philadelphia, ordered that Smith remain in custody and set bail at $100,000. Judge Maier, who sits on the Court of Common Pleas of Philadelphia, oversaw the subsequent criminal proceedings against Smith. The complaint further asserts that Smith's jury trial resulted in acquittal on all charges. Compl. at 4.

Smith then brought a 28 U.S.C. § 1983 action against the judicial defendants in their official capacities, as well as against other officials associated with the underlying prosecution. Smith alleges that Rebstock's bail determination was made "without reasonable grounds" and resulted in Smith's confinement for a period of one year. Compl. at 4. Smith further alleges that, during the course of the proceedings against him, Judge Maier's "lack of action to protect plaintiff's civil rights" also contributed to Smith's being confined for a period of one year. *Id.* In his complaint, Smith requests compensatory and punitive damages.

1

In their joint motion to dismiss, the judicial defendants raise, *inter alia*, Eleventh Amendment immunity and absolute judicial immunity. For the reasons discussed below, the motion is granted.

## II.

"[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984)). As a result, a motion to dismiss on Eleventh Amendment grounds "may properly be considered a motion to dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Id.* Challenges to subject matter jurisdiction under Rule 12(b)(1) may be either facial or factual. *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009). Facial attacks, like those presented in this case, "contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true." *Id.*

The Eleventh Amendment bars suits in federal court by a private party against states and state agencies. *Lombardo v. Pa. Dep't of Pub. Welfare*, 540 F.3d 190, 194–95 (3d Cir. 2008). Congress has not abrogated the States' immunity from § 1983 actions, *see Quern v. Jordan*, 440 U.S. 332, 345 (1979), and Pennsylvania has declined to consent to suit in federal court, 42 Pa. Cons. Stat. § 8521(b). Moreover, the judicial districts of Pennsylvania are instrumentalities of the Commonwealth of Pennsylvania, and thus are entitled to Eleventh Amendment immunity. *Benn v. First Judicial Dist.*, 426 F.3d 233, 239–40 (3d Cir. 2005); *see also* 42 Pa. Cons. Stat. § 102 (defining "Commonwealth government" to include "the courts and other officers or agencies of the unified judicial system," and defining "court" to include "any one or more of the

judges of the court"). Finally, a suit against a state official in his official capacity is treated as a suit against the state. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Accordingly, Judge Maier and Magistrate Rebstock are entitled to Eleventh Amendment immunity, and Smith's claims against them in their official capacities must be dismissed.[1]

### III.

Because the court must interpret pro se pleadings liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the court will construe Smith's complaint as further alleging that the judicial defendants acted in their individual capacities. *See Hooks v. Schultz*, 2009 U.S. Dist. LEXIS 22693 at * 22–23 (D.N.J. March 19, 2009) (interpreting ambiguous pro se complaint as being against defendants in their official and individual capacities, in part because the complaint sought punitive damages and because the defendants raised qualified immunity). "The Eleventh Amendment does not . . . prevent entry of an award of damages against . . . officials [sued] in their individual capacities." *Helfrich v. Pa. Dep't of Military Affairs*, 660 F.2d 88, 90 (3d Cir. 1981) (per curiam). Accordingly, the court turns to the judicial defendants' assertion of absolute immunity.[2]

---

[1] Smith's only argument in opposition to the application of sovereign immunity is premised on *Scheuer v. Rhodes*, 416 U.S. 232, 238 (1974), which noted that the Eleventh Amendment does not apply to suits against officials in their individual capacities. *See also Sullivan v. Barnett,* 139 F.3d 158, 180 (3d Cir. 1998). *Scheuer* is accordingly inapplicable to Smith's claims against the judicial officers in their official capacities.

[2] Because absolute immunity is an affirmative defense, the court will treat this portion of the motion to dismiss as a Rule 12(b)(6) attack. *See Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 n.10 (3d Cir. 1978) ("[A]n affirmative defense may be raised on a 12(b)(6) motion if the predicate establishing the defense is apparent from the face of the complaint." (emphases omitted)).

**A. Judge Maier**

A judge is immune from liability for all acts taken in his judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Thus, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 356–57 (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1872)). Here, Smith only alleges that Judge Maier's rulings during the proceedings—such as permitting amendment of the criminal complaint—were erroneous. Compl. at 4. Thus, even interpreting Smith's complaint liberally, there is no suggestion that Judge Maier acted in the clear absence of jurisdiction. *See* 42 Pa. Cons. Stat. § 931(a) ("[T]he courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings . . . ."). Judge Maier is therefore entitled to absolute judicial immunity, and the claims against Maier in his individual capacity will be dismissed.

**B. Magistrate Rebstock**

Magistrate Rebstock concedes that he is not a judicial officer, but he asserts that he is nevertheless entitled to quasi-judicial immunity, which "attaches to public officials whose roles are 'functionally comparable to that of a judge.'" *Keystone Redevelopment Partners, LLC v. Decker*, 631 F.3d 89, 95 (3d Cir. 2011) (quoting *Hamilton v. Leavy*, 322 F.3d 776, 785 (3d Cir. 2003) (internal quotation marks omitted)). Thus, quasi-judicial immunity extends to "those nonjudicial officers whose activities are integrally related to the judicial process and involve the exercise of discretion comparable to that of a judge." *White v. Green*, 2009 WL 2412490, at *3 (E.D. Pa. Aug. 4, 2009) (internal quotation marks omitted).

Under Pennsylvania law, Arraignment Court Magistrates such as Rebstock have jurisdiction to "administer oaths and affirmations, preside at preliminary arraignments, assign counsel in certain cases, issue criminal complaints, fix bail[,] and issue arrest warrants and search and seizure warrants." 42 Pa. Cons. Stat. § 1123(a)(5). Rebstock is accordingly entitled to quasi-judicial immunity because his responsibilities are "integrally related to the judicial process" and, in this case, Smith has failed to allege that Rebstock acted in the clear absence of jurisdiction. All Smith alleges is that Rebstock did not have "reasonable grounds" for maintaining the charges against him and for setting bail at $100,000. Compl. at 4. The court will therefore dismiss Smith's claims against Rebstock in his individual capacity.

## IV.

In conclusion, Smith's complaint will be dismissed as to Judge Maier and Magistrate Rebstock, both on Eleventh Amendment and judicial immunity grounds. Moreover, Smith will not be granted leave to amend as to these defendants because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). The substance of Smith's claims is that these judicial defendants executed their judicial functions incorrectly, and thus such claims are clearly barred by the Eleventh Amendment and by judicial and quasi-judicial immunity.

\* \* \* \*

**AND NOW**, this 31st day of March, 2011, it is hereby **ORDERED** that defendants Rebstock and Maier's motion to dismiss, *see* dkt. 6, is **GRANTED**, and that Smith's complaint is **DISMISSED**, with prejudice, as to Rebstock and Maier.

    /s/ Louis H. Pollak
    Pollak, J.