UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY F. SMITH,<br><br>               Plaintiff,<br><br>    v.<br><br>FRANCIS F. REBSTOCK, et al.,<br><br>               Defendants. | CIVIL ACTION<br><br>No. 10-01515 |

**MEMORANDUM**

**I.     Background**

In April 2009, plaintiff Harry Smith was tried, in the Court of Common Pleas of Philadelphia, for various sex offenses. Compl. at 4. After a jury acquitted him on all charges, Smith brought a 42 U.S.C. § 1983 action against several officials associated with the prosecution and judicial management of his trial. This court subsequently dismissed the claims against two of those officials, Magistrate Francis Rebstock and Judge Eugene Maier. Docket No. 17. Currently pending before the court is a motion to dismiss by Katherine Lewis, a social worker with the Philadelphia Department of Human Services. Docket No. 13.

In his complaint, Smith alleges that Lewis wrote him two letters concerning

allegations of child abuse. Smith claims he received the first letter on April 24, 2008, which stated that the Philadelphia Police had given the Department of Human Services a "founded report of substantial evidence of child abuse" against Smith. Compl. at 5. Smith also claims the letter advised him that "a report of child abuse may adversely affect [his] ability to obtain employment in any agency which provides care for children." Compl. at 5. Smith claims he received a second letter on May 9, 2008, from Lewis and co-defendant Felina Gustoson, which stated that the agency's investigation into Smith's case "determined substantial evidence constituting child abuse to be 'indicated'" against him. Compl. at 5. The letter also stated that Smith could notify the Public Welfare Secretary if he wished to review the agency findings. Compl. at 5.

Smith alleges that Lewis violated his Fifth and Fourteenth Amendment rights. Compl. at 5. For the reasons discussed below, the claims will be dismissed.

**II.    Standard of Review**

When reviewing a motion to dismiss brought under Rule 12(b)(6), a district court "must accept all of the complaint's well-pleaded facts as true." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In addition, pro se complaints, like plaintiff's, "must be liberally construed." *Merritt v. Fogel*, 349 F. App'x 742, 745 (3d Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S. 89, 93–96 (2007)). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In other words, a complaint must do more than allege entitlement to relief, but instead must "'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211.

### III. Discussion

1. Official Capacity

Lewis argues that Smith's claims should be dismissed because Smith sued Lewis in her "official" capacity. "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690, n.55). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. Moreover, in official-capacity suits, "a governmental entity is liable only when the entity itself is a 'moving force' behind the deprivation." *Id.* (quoting *Monell*, 436 U.S. at 694). In other words, the government's "policy or custom" must have caused the constitutional violation in order for the government to be held liable under § 1983. *Monell*, 436 U.S. at 694.

Smith's complaint states that Lewis acted in her "official capacity" during the course of the alleged conduct. Compl. at 3, 5. But these claims must fail because Smith has not alleged any facts suggesting that a policy or custom of the government entity (the

Philadelphia Department of Human Services) caused the constitutional violations. *See Monell*, 436 U.S. at 694. However, interpreting Smith's pro se complaint liberally, the court construes Smith's complaint as also seeking relief from Lewis in her personal capacity. *See Graham*, 473 U.S. at 166 ("[T]o establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right"). Accordingly, the court turns to Smith's Fifth and Fourteenth Amendment due process claims.

2.   Fifth Amendment

The Fifth Amendment's due process clause only applies to the federal government. *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002). Because Lewis is a municipal rather than federal employee, Smith's Fifth Amendment claim will be dismissed.

3.   Fourteenth Amendment

Lewis also argues that Smith's complaint fails to state a claim under the Fourteenth Amendment. Docket No. 13 at 7. The Due Process Clause of the Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. Although Smith's pro se complaint does not distinguish between substantive and procedural due process, the court will address both claims.

A.   *Substantive Due Process*

"[T]he Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them.'" *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (quoting *Daniels v. Williams*, 474 U.S. 327, 331(1986)). To violate substantive due process, the conduct of a government official must be so egregious that it "shocks the conscience." *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2003). In applying this standard to a city social worker, the Third Circuit has held that "a social worker need not have acted with the 'purpose to cause harm,' but the standard of culpability for substantive due process purposes must exceed both negligence and deliberate indifference and reach a level of gross negligence or arbitrariness that indeed 'shocks the conscience.'" *Miller v. City of Philadelphia*, 174 F.3d 368, 375 (3d Cir. 1999).

Despite reading all of the facts in the light most favorable to Smith, the complaint fails to contain sufficient factual matter, accepted as true, to state a claim for relief. Smith provides no facts indicating Lewis acted negligently or arbitrarily in her investigation, let alone that her conduct was so egregious that it "shocks the conscience." *See Cnty. of Scramento v. Lewis*, 523 U.S. 833, 846 (1998). Accordingly, Smith's substantive due process claims against Lewis will be dismissed.

B.   *Procedural Due Process*

"To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed

5

within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztow*, 455 F.3d 225, 234 (3d Cir. 2006). Thus, if the court determines that the interest asserted is protected, "the question then becomes what process is due to protect it." *Shoats*, 213 F. 3d at 143. This requires the court to weigh the factors set forth by the Supreme Court in *Matthews v. Eldridge*, 424 U.S. 319, 335 (1976).

Even assuming that Smith was deprived of a protected individual interest, he does not allege how the procedures in place were inadequate or insufficient. Smith has therefore failed to state a valid procedural due process claim, and his complaint will be dismissed.[1] An appropriate order accompanies this memorandum.

---

[1] Smith's complaint, liberally construed, could also be understood as alleging a defamation claim against Lewis. *See* Compl. at 5. If so, however, that claim must fail because a necessary element of defamation is the publication of a defamatory statement to a third party by the defendant. *See Tucker v. Fischbein*, 237 F.3d 275, 281 (3d Cir. 2001); *see also Davis v. Res. for Human Dev., Inc.*, 770 A.2d 353 (Pa. Super. Ct. 2001) ("It is clear that in Pennsylvania, the communication must be expressed to a third party in order to be 'published.'"). Smith has not alleged any facts indicating that Lewis published any communication to a third party, and therefore has not stated a cognizable defamation claim.