UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY F. SMITH<br><br>  Plaintiff,<br><br>  v.<br><br>FRANCIS F. REBSTOCK, et al.,<br><br>  Defendants. | CIVIL ACTION<br><br>No. 10-1515 |

### MEMORANDUM

Now pending before the court are the plaintiff's two October 5, 2010, requests for entry of default judgment against defendants Felina Gustoson and Damien Sammons. Fed. R. Civ. P. 55. All of the plaintiff's claims against other defendants have already been dismissed pursuant to prior orders of this court, which were affirmed by the Court of Appeals. *Smith v. Rebstock*, No. 11-3432 (3d Cir. Mar. 7, 2012) (per curiam).

A default judgment may not be entered against a party unless the party has been properly served with process. *Petrucelli v. Bohringer & Ratzinger GmbH*, 46 F.3d 1298, 1304 (3d Cir. 1995) (citing *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985)); *see also* 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2682, at 14 (3d ed. 1998) ("Before a default can be entered, the court must have jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process." (footnote omitted)).

In the present case, the plaintiff was granted leave to proceed *in forma pauperis*, and service was effected (or attempted) by the U.S. Marshal. According to the process receipt and return forms entered on the docket on August 27, 2010, the U.S. Marshal was unable to locate and serve Gustoson or Sammons. *See also Smith*, No. 11-3432, slip op. at 4 n.1 (noting that Gustoson and Sammons "were never served and thus are not considered parties to this lawsuit").

Accordingly, in the order that follows, the plaintiff's requests for entry of default judgment against Gustoson and Sammons will be denied.

\* \* \* \* \*

**AND NOW**, this 16th day of May, 2012, upon consideration of the plaintiff's October 5, 2010, Request for Entry of Default Judgment against defendant Felina Gustoson (Docket No. 15), as well as the plaintiff's October 5, 2010, Request for Entry of Default Judgment against defendant Damien Sammons (Docket No. 16), it is hereby **ORDERED** that both requests are **DENIED**.

                                        BY THE COURT:

                                        /s/ Gene E. K. Pratter